Case Number: KC-2015-0989
Filed in Kent County Superior Court
Submitted: 10/16/2015 4:36:28 PM
Envelope: 369511
Reviewer: Demonica Lynch

STATE OF RHODE ISLAND                          SUPERIOR COURT
KENT, SC.

---
DUCY CORNEJO

vs.                                            C.A No. 15-0989

BANK OF NEW YORK MELON, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS
OF CBS, INC.

                                               BNY MELLON

                                               Jury Demand       JAN 1 5 2016

                                               LEGAL DEPARTMENT
---

## INTRODUCTION

1. This complaint arises from the Defendants' breach of the terms of those certain mortgage deeds noted herein, given by Ducy Cornejo, as secured by the Seabury Condominium, Unit 3, located at unit 3, 4162 Post Road, Warwick, Rhode Island. Defendants' breaches resulted in an allegedly void foreclosures of said mortgage, and subsequent void mortgagee's foreclosure sale, through notices of acceleration, mediation, and foreclosures by its servicers, rather than its lenders or assignees.

2. The Plaintiff prays that this Honorable Court find that Defendant breached the terms of the mortgage and further find said foreclosure sale to be void as a result of said breach, enjoin the Defendant from proceeding with any foreclosure, or eviction action against Plaintiff pending a determination by this Court verifying the validity of any underlining sale, and quiet the title of said property by declaring Plaintiff the sole owner of said property.

## JURISDICTION AND VENUE

3. Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

1

Case Number: KC-2015-0988
Filed in Kent County Superior Court
Submitted: 10/16/2015 4:36:28 PM
Envelope: 369511
Reviewer: Demonica Lynch

Case 1:16-cv-00064-WES-LDA   Document 1-1   Filed 02/12/16   Page 2 of 6 PageID #: 6

4. Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

5. Plaintiff claims ownership of the latter described premises and seeks to clear the title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

6. Plaintiff claims that only they have a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, ten (10) years of ownership of the fee interest.

7. Plaintiff, as a mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, the mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

8. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in the chain of title.

## PARTIES

9. Plaintiff is Ducy Cornejo of Warwick, Rhode Island.

10. Defendants are (i) the Bank of New York Melon, As Trustee For The Certificate Holders of CBS,Inc., Asset-Backed Certificates Series 2006-, based upon information and belief, is a foreign corporation authorized to do business within the State of Rhode Island, with a business address of 2375 N. Glenville Drive, RGV-S195, Richardson, Texas 78082, which also has a business address of Specialized Loss Services, LLC, 8742 Lucent Boulevard, Suite 300, Highlands Ranch, Colorado, 80129; and (ii) America's Wholesale Lender, which is a foreign corporation existing under the laws New York. With a business mailing address of 4500 Park Granada, MSN, #SVB-314, Calabasas, California 91302-1613.

## FACTS

11. On June 18, 2000, Seabury Realty Partners conveyed to Ducy Cornejo, with warranty covenants, Unit 3 of Seabury condominium together with an undivided 9.947% interest in the common area as recorded, June 12, 2001, at 2:27 P.M. in Book 3643 at Page 0051.

Case Number: KC-2015-0989
Filed in Kent County Superior Court
Submitted: 10/16/2015 4:36:28 PM
Envelope: 369511
Reviewer: Demonica Lynch

Case 1:16-cv-00064-WES-LDA   Document 1-1   Filed 02/12/16   Page 3 of 6 PageID #: 7

12. On April 13, 2006, America's Wholesale Lender existing under laws of New York received a first Mortgage Deed from Ducy Cornejo to secure a promissory note of three hundred thousand twenty four thousand ($324,000) dollars, as recorded in the City of Warwick, at Book 6144, page 1, on April 13, 2006.

13. On April 13, 2006, America's Wholesale Lender existing under laws of New York received a second Mortgage Deed from Ducy Cornejo to secure a promissory note of eighty thousand ($81,000), which was recorded Book 6144, page 16.

14. On September 12, 2013, the Mortgage Electronic Registration, Inc (MERS), at Book 8050, page 75, in the land records of Warwick, Rhode Island, allegedly assigned to the Bank of New York Melon, As Trustee For The Certificate Holders of CBS,Inc., Asset-Backed Certificates Series 2006, after the expiration of the ninety (90) days period of assignments for New York Trusts, the note and mortgage deed of America's Whole Sale Lender of April 13, 2006, which was a void assignment under New York trust law.

15. Between August 18, 2015 and October 15, 2005, the servicer of the Defendants, SLS Servicer, not lender or its assignee gave invalidates notices of acceleration, mediation, and foreclosure.

## COUNT I
## BREACH OF MORTGAGE CONTRACT

16. Plaintiff repeats and reincorporates by reference all paragraphs above as if fully articulated herein.

17. The Defendant lender failed to assign its mortgage deed to its New York Trust within ninety days (90 days) of its creation and its therefore void under New York law.

18. Rhode Island permits non-judicial foreclosure under the statutory power of sale contained at R.I.G.L. § 34-11-22, so long as the terms of the mortgage and the statutes related to the power of sale are complied with.

3

Case Number: KC-2015-0989
Filed in Kent County Superior Court
Submitted: 10/16/2015 4:36:28 PM
Envelope: 369511
Reviewer: Demonica Lynch

Case 1:16-cv-00064-WES-LDA   Document 1-1   Filed 02/12/16   Page 4 of 6 PageID #: 8

19. If a bank fails to comply with the terms of the mortgage deed, then a foreclosure is void.

20. The subject matter mortgage secured by the subject property states at Paragraph 22 as follows:

21. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise)...

    If Lender invokes the **STATUTORY POWER OF SALE**, Lender shall mail a copy of notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by applicable law. (Emphasis added).

22. Under the terms of the Mortgage the "Lender [must] give notice to Borrower prior to acceleration", "Lender [must] mail a copy of notice of sale to Borrower", and "Lender [must] publish the notice of sale."

23. Upon information and belief neither Defendant actually gave notice to the Borrower prior to acceleration, or mail a copy of notice of sale to Borrower, or published the notice of sale.

24. Defendants' failure to give notice to Borrower prior to acceleration, mail a copy of notice of sale to Borrower, or publish the notice of sale constitutes a breach of the mortgage contract as those notices were not sent or published by the Lender in accordance with Paragraph 22 of the mortgage. The foreclosure is therefore void. (See: Paiva v. Bank of New York Mellon, USDC Mass. 14-1453, August 11, 2015 (Burroughs, A.) ("Because the Court finds that Countrywide's notice ... did not strictly comply with the requirements of paragraph [22] of the mortgage, the foreclosure sale is void.").

25. As a result of Defendants' breach of the terms of the mortgage contract, the Plaintiff has suffered damages including but not limited to, loss of property interest, court costs, and attorney's fees in defense of foreclosure and eviction.

4

Case Number: KC-2015-0989
Filed in Kent County Superior Court
Submitted: 10/16/2015 4:36:28 PM
Envelope: 369511
Reviewer: Demonica Lynch

## COUNT II
## QUIET TITLE

26. Plaintiff repeats and incorporates all paragraphs above as if fully articulated herein.

27. The real estate at issue is located as Unit 3 of Seabury Condominium at 4162 Post Road, Warwick, Rhode Island.

28. The Plaintiffs and the Defendants, both make claim to the fee simple interest in the aforesaid property.

29. The Plaintiff claims ownership and title to the Property from a Deed granting the property to Plaintiff which was recorded in the City of Providence Clerk's Office, Land Evidence Records in book 10695 at page 335 on September 17, 2013. The name and address of the Plaintiff have been set forth herein above.

30. Defendants failure to give notice to Borrower prior to acceleration, mail a copy of notice of sale to Borrower, or publish the notice of sale constitutes a breach of the mortgage contract as those notices, in accordance with Paragraph 22 of the mortgage caused the attempted foreclosure to be void.

31. The resulting foreclosure sale was wrongful, without legal effect and is void.

32. The foreclosure sale conducted by the Defendant is also void as against public policy.

33. The Plaintiff has suffered damages and loss of property interest as a direct result of the conduct of the Defendant.

34. The Plaintiff is entitled to a judgment quieting the title the Property and declaring that its is the lawful owner of fee of the subject Property.

**WHEREFORE**, Plaintiff demands that this Honorable Court:

    i. Declare that the Plaintiff is the true and lawful owner of Unit 3 of Seabury Condominium of 4162 Post Road, Warwick, Rhode Island.

Case Number: KC-2015-0989
Filed in Kent County Superior Court
Submitted: 10/16/2015 4:36:28 PM
Envelope: 369511
Reviewer: Demonica Lynch

Case 1:16-cv-00064-WES-LDA   Document 1-1   Filed 02/12/16   Page 6 of 6 PageID #: 10

ii. Enjoin and restrain the Defendant from continuing or initiating any foreclosure actions or eviction actions against the Plaintiff s until the title to the property in dispute is cleared.

iii. Otherwise permanently enjoin and restrain the Defendant from initiating, pursuing, or filing any foreclosure actions, eviction actions, or otherwise exercising or demonstrating any ownership of the subject demised.

iv. Declare that Plaintiff owns the premises in fee simple and that its title is superior to the claims of the Defendants.

v. Award the Plaintiff reasonable attorney's fees and costs.

vi. Grant such other relief which is just and equitable.

               Plaintiff,
               Ducy Cornejo
               By her Attorney

               /s/ Doris A. Lavallee

               Doris A. Lavallee #7638
               LAVALLEE LAW ASSOCIATES
               422 Post Road, Suite 104
               Warwick, RI 02888
               401-353-0002 (phone)
               401.353.0099 (fax)
               lavalleelawassociates@gmail.com