UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
DUCY CORNEJO,                       )
                                    )
            Plaintiff,              )   C.A. No. 16-64 S
                                    )
    v.                              )
                                    )
BANK OF NEW YORK MELON, AS TRUSTEE  )
FOR THE CERTIFICATE HOLDERS         )
OF CBS, INC.,                       )
                                    )
            Defendant.              )
_____)

**MEMORANDUM AND ORDER**

William E. Smith, Chief Judge.

Before the Court is a Motion for Judgment on the Pleadings ("Motion") (ECF No. 4) filed by Defendant, the Bank of New York Mellon, in response to Plaintiff's Complaint (ECF No. 1-1). Plaintiff did not file an opposition brief. After careful consideration, the Motion is GRANTED for the reasons set forth within.

I.  Background[1]

On April 13, 2006, Plaintiff Ducy Cornejo executed promissory notes ("Notes") with America's Wholesale Lender ("AWL"), a New

---

[1] Typically, in "reviewing a motion under Rule 12(c), the court 'may consider documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'" Romanoff v. CitiMortgage, Inc., No. 4:15-CV-12268-

1

York corporation, in the amount of $324,000. (Compl. ¶¶ 12, 13, ECF No. 1-1.) The Notes were secured by a mortgage on Plaintiff's Rhode Island property. (Id. ¶ 12.) On September 12, 2013, the Mortgage Electronic Registration System, Inc. ("MERS"), as nominee for AWL, assigned the Notes to the Bank of New York Mellon ("BNY Mellon"). (Id. ¶ 14.)

Plaintiff first defaulted on the loan in November of 2007. (Ex. A. to Ans., ECF No. 3-1.) On October 2, 2013, SLS, the servicer and an agent of BNY Mellon, sent Plaintiff a Notice of Default and Notice of Intent to Foreclose. (See id.; Compl. ¶ 15, ECF No. 1-1.) On August 18, 2015, SLS sent a Notice of Acceleration and a copy of the Notice of Foreclosure to Plaintiff. (See Ex. B to Ans., ECF No. 3-2; Compl. ¶ 15, ECF No. 1-1.) SLS published the notice of foreclosure sale in the local newspaper on October 1, 2015. (See Ex. C to Ans., ECF No. 3-3.) The sale was scheduled for October 15, 2015, coincidentally the same day that Plaintiff

---

TSH, 2016 WL 2993619, at *2 (D. Mass. May 23, 2016) (internal quotation marks omitted) (quoting Curran v Cousins, 509 F.3d 36 (1st Cir. 2007)). Defendant attached exhibits to its Answer, which Plaintiff references in his Complaint. (Compare Compl. ¶ 15, ECF No. 1-1 ("Between August 18, 2015 and October 15, [2015], the servicer of the Defendants, SLS Servicer, not lender or its assignee gave invalidates [sic] notices of acceleration, mediation, and foreclosure.") with Ex. A to Ans., ECF No. 3-1 (notice of default and intent to foreclose) and Ex. B to Ans., ECF No. 3-2 (notice of acceleration). These documents fall within the aforementioned categories and the Court may rely on them.

filed a Chapter 13 bankruptcy petition.[2] (Id.; see Ch. 13 Vol. Pet, In re Ducy Cornejo, BK No. 15-bk-11981, ECF No. 1.) As a result of Plaintiff's bankruptcy petition, the foreclosure sale was stayed, though the Chapter 13 petition was ultimately dismissed as a result of Plaintiff's failure to submit appropriate documentation. (See Order Dismissing Case, In re Ducy Cornejo, BK No. 15-bk-11981, ECF No. 10.) The day after dismissal of her bankruptcy petition, Plaintiff filed the present action in state court. (See Compl., ECF No. 1-1.) Defendant removed the case to this Court on February 12, 2016. (Notice of Removal, ECF No. 1.) Defendant has not completed the foreclosure sale. (Ans. ¶ 24, ECF No. 3.)

II. Legal Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings. Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988). The standard of review for a motion under Rule 12(c) is governed by the same standards as that for a motion to dismiss under Rule 12(b)(6). Magnum Defense, Inc. v. Harbour Group Ltd., 248 F. Supp. 2d 64, 66 (D.R.I. 2003). Under both rules, the court must view the facts contained in the

---

[2] Although Plaintiff does not reference the bankruptcy proceedings in the Complaint, the Court may take judicial notice of it as an official public record. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

3

pleadings in the light most favorable to the Plaintiff and draw all reasonable inferences in that party's favor.  Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).  The plaintiff must state "factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'"  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)).

III. Discussion

 A. Breach of Mortgage Contract Claim[3]

Plaintiff bases the breach of contract claim on two alleged breaches, neither of which provides Plaintiff with a plausible breach of contract claim.  First, Plaintiff argues that the contract was breached when MERS "failed to assign its mortgage deed to its New York Trust within ninety days (90 days) of its creation."  (Compl. ¶ 17, ECF No. 1-1.)  Though less than clear, Plaintiff seems to assert that this assignment did not comply with the terms of the Trust's Production Sharing Agreement ("PSA").

---

[3] Defendant also argues that Plaintiff's claims are not ripe because no foreclosure is pending against Plaintiff's property. (Def.'s Mot. 6-8, ECF No. 4.)  Defendant argues that, although Plaintiff styles Count I as asserting a claim for "Breach of Mortgage Contract," Plaintiff actually asserts a wrongful foreclosure claim and no foreclosure has occurred.  (Id. at 6.) Irrespective of the strengths of Defendant's argument, even taking the Complaint as styled and assuming Plaintiff has brought a breach of contract action, as opposed to wrongful foreclosure action, Plaintiff's claims still fail, as detailed below.

4

The First Circuit has held that borrowers lack standing to bring such claims. See Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 354 (1st Cir. 2013) (holding that "claims that merely assert procedural infirmities in the assignment of a mortgage, such as a failure to abide by the terms of a governing trust agreement, are barred for lack of standing"); see also Caito v. Mortgage Elec. Registration Sys., No. CA 13-429 M, 2015 WL 4480348, at *1 (D.R.I. July 21, 2015).[4] As a result, Plaintiff lacks standing to bring the first breach of contract claim.

Second, Plaintiff argues that Defendant breached the contract when BNY Mellon, through an agent, sent Plaintiff the required notices of default and foreclosure. Plaintiff alleges that Defendant violated the terms of Plaintiff's contract which states that the "Lender" must provide these notices. (Compl. ¶¶ 20-22, ECF No. 1-1.) In making this argument, Plaintiff relies on Paiva

---

[4] In Woods v. Wells Fargo Bank, N.A., 733 F.3d 349 (1st Cir. 2013), the First Circuit distinguished between mortgage assignment breach of contract claims in which a borrower would have standing and those in which standing was lacking. Borrowers have standing where they challenge "that the assigning party never possessed legal title and, as a result, no valid transferable interest ever exchanged hands." Id. at 354. On the other hand, no standing exists where a claim "merely asserts procedural infirmities in the assignment of a mortgage, such as a failure to abide by the terms of a governing trust agreement." Id. Plaintiff's Complaint does not allege that Defendants lacked legal title. Instead, as noted above, the Complaint merely asserts that Defendants did not follow the proper procedures for assignment. Thus, Plaintiff lacks standing.

v. Bank of New York Mellon, 120 F. Supp. 3d. 7 (D. Mass. 2015). Paiva, however, interprets Massachusetts law, and, Plaintiff's reliance on it for guidance under Rhode Island law is, thus, misplaced. See id. at 10; see also Wolfrock Road Realty Redemption Co. v. Wells Fargo Bank N.A., No. CV 16-12 6M, 2016 WL 3766297, at *1-2 (D.R.I. July 11, 2016) (distinguishing the holding in Paiva and the Massachusetts law on which it relied from Rhode Island law). Under Rhode Island law, the governing law of this dispute, "MERS or its assigns, even without the original note holder, ha[s] the power to foreclose." Breggia v. Mortgage Elec. Registration Sys., 102 A.3d 636, 641 (R.I. 2014). And servicers, as agents of the lenders, can lawfully provide the borrower with the requisite foreclosure notices. See Ingram v. Mortgage Elec. Registration Sys., 94 A.3d 523, 529 (R.I. 2014) (affirming the validity of a foreclosure were the mortgagee's servicer properly mailed the notice of sale to the borrowers and properly advertised the foreclosure); see also Wolfrock, 2016 WL 3766297, at *2. As a result, BNY Mellon was well within its statutory power as noteholder to conduct the foreclosure and could appoint its servicer, SLS, as an agent to deliver the notices of acceleration and foreclosure. Thus, Plaintiff's alleged breach fails to support a plausible breach of contract claim.

6

B.   Quiet Title Claim

Plaintiff also asserts a claim for quiet title.  Under § 34-16-2 of the Rhode Island General Laws, "[a] necessary component to a claim to quiet title on property is . . . a record showing that title is held by someone other than the claimant."  Nye v. Brousseau, 102 A.3d 627, 630 (R.I. 2014).  Plaintiff has neither produced such a record indicating her dispossession of the title to the property, nor has she alleged that Defendants have foreclosed upon her mortgage and evicted her from the premises.  Consequently, this claim also fails.

IV.  Conclusion

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is GRANTED and Plaintiff's Complaint is hereby dismissed.

IT IS SO ORDERED.

*/s/ William E. Smith*

William E. Smith
Chief Judge
Date:  August 17, 2016

7